VULCANITE PAV. CO. *et al. v.* AMERICAN ARTIFICIAL STONE PAVE-
MENT CO.

(*Circuit Court, E. D. Pennsylvania.* October 8, 1888.)

1. PATENTS FOR INVENTIONS—INFRINGEMENTS—MEASURE OF DAMAGES.
    In a suit for the infringement of a patent for an improvement in pavements, the amount charged by defendant for pavements containing the improvement more than for similar pavements which do not contain it, is the measure of profits for which he is liable.

2. SAME—EVIDENCE—LOSS OF CONTRACTS.
    Evidence that complainant lost valuable contracts through the competition of defendant, and of the amount of profits which complainant lost, is inadmissible; it being shown that complainant charged no more for its pavements containing the improvement than for those which do not.

3. SAME—ROYALTY BY LICENSEE.
    The royalty paid by complainant under a license for the use of the patent infringed, and the use of two others capable of being used conjointly with it, does not show the market value of a license for the improvement alone, especially where a previous license has been granted for a royalty of one-half the amount.

In Equity. On exception to master's report.

Bill by Vulcanite Paving Company, Peter Stuart, and Matthew Taylor, for infringement of letters patent, against the American Artificial Stone Pavement Company, for infringing letters patent No. 269,480, granted December 19, 1882, to Peter Stuart, of Edinburgh, Scotland, for an improvement in composite pavements. The improvement is especially, though not exclusively, intended for application to sidewalks, and it consists in the formation in the surface of pavements of depressions of such a character that in stepping thereon the pressure of the feet will expel the air, causing a partial vacuum, which, supplementing the mechanical effect of the roughened surface, will operate to afford an additional hold to the feet, and prevent slipping. A decree having been entered for an account, (34 Fed. Rep. 320,) it was referred to Henry P. Brown, as master, who, among other things, reported that the patentee granted to Taylor an exclusive license for the United States and Canada for the use of this and two other patents capable of being used conjointly with it, for a royalty of one cent per square foot on all work done by him or his agents, and Taylor granted an exclusive license for the city of Philadelphia to the complainant corporation for a royalty of two cents per square foot. The complainant company charged no more for its pavements with the depressed surface than for those without; the defendant charged one cent a square foot more. The amount of artificial pavement infringing the patent made and laid by defendant was 48,912 square feet. The master finds the loss to plaintiff was two cents per square foot. The complainants excepted to the report on the finding that there were no profits or damages arising solely out of the use of the patented invention, and for the exclusion of evidence that complainants lost valuable contracts through the competition of defendant, and of the amount of profits which they lost in consequence. The defendant ex-

cepts on the ground of error in awarding to the plaintiffs anything beyond the actual profits of one cent per square foot, because there was no substantial legal basis for an award of damages as such; and in awarding damages as such at the rate of two cents per square foot, on the ground that the plaintiff Matthew Taylor has lost royalty at that rate on the pavement laid by the defendant.

*George Harding,* for complainants.

*Hector I. Fenton,* for defendant.

BUTLER, J. The complainants' exception must be dismissed. We need not add anything to what the master has said, in passing upon this branch of the case. The respondent's exceptions must be sustained. We do not find any reliable evidence of damages or profits, except to the extent of one cent per square foot,—the sum respondent received for the "indented surface" pavement over the price of one having a plain surface. The price paid by the Vulcanite Company for its license does not show the market value of a license under the patent here involved, covering the indented surface pavement alone. It embraces two other patents covering other pavements. How the royalty should be apportioned between these patents does not appear. If this were otherwise, however, the market value of the patent in question could not be established by the single license referred to. In addition to these difficulties is the important fact that a previous license was granted for a royalty of one cent,—the license under which Taylor holds. To the extent indicated the report must be modified, and a decree entered against the respondents for $489.12, with costs.